E-FILED
Tuesday, 30 April, 2019 03:55:37 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| Plaintiff, | ) |
| v. | ) No. 18-cv-3234 |
| MILO ZIEMER, et al., | ) |
| Defendants. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Motion of Defendant, Milo Ziemer, Requesting Reconsideration of the Granting of Plaintiff's Motion for Leave to Proceed Under the Pseudonym of "Jane Doe" (d/e 18) (Motion). For the reasons set forth below, the Motion is ALLOWED.

Plaintiff alleges that she was an inmate at the Logan Correctional Center in 2017. She claims that Defendant Ziemer was then an employee at the Logan Correctional Center in the Maintenance Department who sexually assaulted her while in prison. She alleges claims for violations of her constitutional rights under 42 U.S.C. § 1983 against Ziemer and several other employees and officials at the Logan Correctional Center, as well as state law claims against Ziemer for intentional torts. See generally Complaint (d/e 1). Upon filing this action, the Plaintiff asked for permission

to proceed under the pseudonym Jane Doe due to fear of retaliation if the fact that she brought this suit became public.  The Court allowed the request but noted that no defendant had yet been served or answered and that any defendant could ask the Court to revisit the issue.  <u>Text Order entered September 20, 2018</u>.

Ziemer has asked the Court to do so.  Ziemer is currently a defendant in a state criminal case, <u>People v. Ziemer</u>, Logan County, Illinois, Circuit Court Case No. 17-CF-208 (Criminal Proceeding).  Ziemer submitted the Bill of Indictment filed in the Criminal Proceeding.  <u>Memorandum in Support of Motion of Defendant, Milo Ziemer, Requesting Reconsideration of the Granting of Plaintiff's Motion for Leave to Proceed Under the Pseudonym of "Jane Doe," (d/e 19)</u>, Exhibit A, <u>Bill of Indictment</u>.  The Bill of Indictment charges Ziemer with repeatedly committing the crime of Custodial Sexual Misconduct on two inmates.  The Bill of Indictment identifies these two inmates by name.  <u>Bill of Indictment</u>, Counts I through V.  Plaintiff Jane Doe is one of these two individuals.  <u>See</u> <u>Motion for Leave to Proceed as Jane Doe (Filed Under Seal Pursuant to Order Entered 9/17/2018) (d/e 9)</u>, at 1 (identifying Plaintiff by name).

Ziemer asks this Court to reconsider allowing Plaintiff to proceed anonymously.  Ziemer argues that he may be entitled to assert his Fifth

Amendment rights against self-incrimination in this case in light of the pending criminal charges.  He argues he must know the Plaintiff's identity to exercise his rights.  He also argues that if Plaintiff is one of the two named individuals in the Bill of Indictment then her name is already a matter of public record and no reason exists to allow her to conceal her identity in this case.

Plaintiff responds that she is still in fear of retaliation if she proceeds in this case under her own name.  She states in her response to the Motion that she is no longer in custody but is still on parole.  She says that she is still afraid that her parole could be terminated in retaliation for bringing this action.  She also argues that the Bill of Indictment is not really on the public record because it is only available at the Logan County courthouse. <u>Plaintiff's Response to Defendant Ziemer's Motion to Reconsider the Granting of Plaintiff's Motion for Leave to Proceed Under the Pseudonym of "Jane Doe," (d/e 22) (Response)</u>, at 3-4.

This Court's proceedings are open to the public and matters before this Court are presumed to be litigated in public "in order to enable the proceedings to be monitored by the public."  <u>Doe v. City of Chicago</u>, 360 F.3d 667, 669 (7th Cir. 2004).  A party may overcome this presumption if

the risk of harm to the individual party outweighs the interests of the society in having public trials.  Id.

In this case, the potential harm to the Plaintiff does not outweigh the public interest of conducting litigation in the open.  Plaintiff's identity is already a matter of public record in the Bill of Indictment.  Contrary to Plaintiff's argument, the records of the Logan County Circuit Courts are public records.  Plaintiff fears that the employees at the Logan Correctional Center would retaliate against her.  The records at the Logan County Circuit Court are easily available to such employees since the Logan Correctional Center is in Logan County.[1]  Her identity, therefore, is already easily accessible to these people regardless of whether she proceeds in this case in her own name.

Plaintiff faces less risk of retaliation because she is no longer in state custody.  The Plaintiff is out on parole.  The risk of retaliation by Logan Correctional Center employees is far less now that she is not in their custody.  The Plaintiff is worried about maintaining her parole.  She fears that a parole officer might retaliate against her by charging her with a parole violation if she is required to litigate in public.  She presents only relates generalized fears but no evidence that her parole is at risk.  This

---

[1] The Court takes judicial notice that the Logan Correctional Center is in Logan County.

generalized fear is not sufficient to overcome the presumption against litigating in secret, particularly because she is no longer in custody and because her name is already a matter of public record in the Bill of Indictment.

    The Plaintiff cites <u>In re a Minor</u>, 149 Ill.2d 247, 595 N.D.2d 1052 (Ill. 1992) for the proposition that the identities of victims of sexual assault are kept confidential. <u>Plaintiff's Response to Defendant Ziemer's Motion to Reconsider the Granting of Plaintiff's Motion for Leave to Proceed Under the Pseudonym of "Jane Doe," (d/e 22) (Response)</u>, at 4. The <u>In re Minor</u> case does not apply to this situation. The victim in <u>In re Minor</u> was not an adult and further did not elect to file suit in federal court. Plaintiff has elected to invoke the jurisdiction of this Court to pursue her claims for money damages. Such suits in this country are not tried in secret. She has the burden to overcome the strong presumption in favor of public judicial proceedings in the United States. <u>See</u> <u>Doe</u>, 360 F.3d at 669. Plaintiff has failed to overcome that presumption. Her identity is already on the public record and she is no longer an inmate at risk under the custody and control of individuals she alleges are liable for the wrongs done to her. The risk to her is greatly diminished and does not outweigh the presumption in favor of public trials in this country.

In addition, Ziemer is entitled to know the extent to which his Fifth Amendment rights against self-incrimination would be implicated in his filings and discovery responses in this case.  Ziemer's personal concerns provide additional support for the conclusion that the public interest outweighs the Plaintiff's personal concerns.

THEREFORE, IT IS ORDERED that the Motion of Defendant, Milo Ziemer, Requesting Reconsideration of the Granting of Plaintiff's Motion for Leave to Proceed Under the Pseudonym of "Jane Doe" (d/e 18) is ALLOWED.  The Clerk shall revise the docket to identify the Plaintiff by her name, Jennifer Tyree, followed by the notation "f/k/a Jane Doe."  All subsequent filings shall refer to the Plaintiff by her name.

ENTER:   April 30, 2019

                                                *s/ Tom Schanzle-Haskins*
                                            TOM SCHANZLE-HASKINS
                                    UNITED STATES MAGISTRATE JUDGE