IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JENNIFER TYREE, formerly known as Jane Doe, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 18-cv-3234 |
| MILO ZIEMER, et al., | ) ) ) | |
| Defendants. | ) | |

# OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Jennifer Tyree's Motion to Compel (d/e 27) (Motion).  The Motion seeks to compel discovery from Defendants Keith Beck, Ryan Sexton, Todd Sexton, and Margaret Burke (collectively Responding Defendants).  For the reasons stated below, the Motion is ALLOWED in part and DENIED in part.

## BACKGROUND

Plaintiff alleges that she was an inmate at the Logan Correctional Center (Logan) in 2017.  She alleges that Defendant Ziemer, an employee at Logan in the Maintenance Department, sexually assaulted her while in prison from March 1, 2017 through July 5, 2017.  Defendant Ziemer is currently being prosecuted in Logan County, Illinois, Circuit Court for Custodial Sexual Misconduct allegedly committed on two inmates,

including Plaintiff.  People v. Ziemer, Logan County, Illinois, Circuit Court Case No. 17-CF-208 (Criminal Proceeding), Bill of Indictment, attached as Exhibit A to Memorandum in Support of Motion of Defendant, Milo Ziemer, Requesting Reconsideration of the Granting of Plaintiff's Motion for Leave to Proceed Under the Pseudonym of "Jane Doe," (d/e 19).

Plaintiff alleges claims for violations of her constitutional rights under 42 U.S.C. § 1983 against Ziemer and the Responding Defendants, as well as state law claims against Ziemer for intentional torts.  Plaintiff alleges that Ryan Sexton and Keith Beck knew that Ziemer was sexually assaulting Plaintiff and did nothing about it.  See Complaint, ¶¶ 66-77.  Plaintiff must show that each of these two Defendants was personally involved in violating her constitutional rights. See Colbert v. City of Chicago, 851 F.3d 649, 657 (7th Cir. 2017).  Plaintiff must show that Ryan Sexton and Keith Beck each knew that Ziemer was sexually assaulting Plaintiff, had a realistic opportunity to prevent the harm from occurring, but did not do so. See e.g., Abdullahi v. City of Madison, 423 F.3d 763, 774 (7th Cir. 2005); Yang v. Hardin, 37 F.3d 282, 285 (7th Cir. 1994).

Plaintiff alleges Defendants Burke and Todd Sexton violated her First Amendment rights to free speech by retaliating against her for reporting Ziemer's sexual assaults.  She alleges that these Defendants retaliated

against her by transferring Plaintiff from Logan to Decatur Correctional Center (Decatur). See Complaint, ¶¶ 86-89. To prevail, she must demonstrate that she engaged in activity protected by the First Amendment, she suffered a deprivation that would likely deter protected activity in the future, and the appropriate causal connection between the protected activity and the Defendants' decision to take the retaliatory action. See Thayer v. Chiczewski, 705 F.3d 237, 251-53 (7th Cir. 2012) (discussing necessary proof of causation in First Amendment retaliation).

Plaintiff alleges that Defendant Burke, as Warden of Logan, violated Plaintiff's rights by implementing policies and procedures that caused Ziemer's sexual assaults and the retaliation. To prevail under § 1983, Plaintiff must prove: (1) the implemented policies and procedures at Logan created a substantial risk that Ziemer's sexual assaults and the subsequent retaliation would occur; (2) Burke personally knew that such policies and procedures at Logan created a substantial risk that Ziemer's sexual assaults and the subsequent retaliation would occur; and (3) Burke acted with a sufficiently culpable state of mind, "[I]t is enough to show that the defendants knew of a substantial risk of harm to the inmate and disregarded the risk." Roe v. Elyea, 631 F.3d 843, 857 (7th Cir. 2011)

(quoting Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005)). See Complaint (d/e 1) ¶¶ 53-65.

On May 1, 2019, the Responding Defendants collectively responded to Plaintiff's Request for Production of Documents, and each Responding Defendant responded to Plaintiff's First Set of Interrogatories directed to each Responding Defendant. Plaintiff found the responses inadequate. The parties have attempted to resolve the disagreement but have not done so. Plaintiff, therefore, brings this Motion to ask the Court to resolve the remaining issues.

ANALYSIS

The remaining dispute concerns Plaintiff's Request for Production of Documents (Document Request) Nos. 6, 13-19, and 23 and Interrogatories 5 and 6. The Motion mentions Responding Defendants' answers to Interrogatory No. 12 but does not ask the Court to compel additions to these answers.

Document Request 6

Document Request 6 asked for the following:

6. For every civil and/or criminal lawsuit against you, produce all judgment orders, transcripts of all depositions, testimony, and other sworn statements made by you and any IDOC officer and/or employee for each case.

Motion, Exhibit 2, Response to Document Request 6. Plaintiff withdrew the request for statements by other Illinois Department of Corrections (IDOC) officers or employees, but still seeks all the requested information related to statements by each Responding Defendant. Motion, at 5. Responding Defendants object because the request is overly broad and not proportional to the needs of the case. The Court agrees. The request would require Responding Defendants to turn over documents from unrelated personal matters, such as divorce proceedings or personal injury cases unrelated to their work. The request further has no time limits.

Still, a Responding Defendant's statements made in cases brought by inmates alleging § 1983 violations by such Responding Defendant arising from Logan employee-on-inmate sexual harassment, sexual assault, or retaliation for reporting such sexual harassment or sexual assault that allegedly occurred during relevant time periods (Relevant Cases) could be relevant or lead to relevant information and be proportional to the needs of the case. Such statements could lead to evidence relevant to issues of personal knowledge and intent.

The time period of the Relevant Cases is limited to cases in which the alleged sexual assault, sexual harassment, or subsequent retaliation occurred between January 1, 2915 and December 31, 2018. Plaintiff

alleges the assaults on her occurred in 2017. The four-year period from the beginning of 2015 to the end of 2018 is reasonable under the circumstances to discover information relevant for discovery purposes without imposing an undue burden on the Responding Defendants.

The judgments and trial transcripts in the Relevant Cases, however, are matters of public record. Plaintiff only needs the necessary case identifying information of the Relevant Cases to secure that information. The Court orders the Responding Defendants to provide Plaintiff with the title, court, and case number of the Relevant Cases. The Court finds it unduly burdensome and not proportional to the needs of the case to require Responding Defendants to provide materials that are available on the public record.

The transcripts of depositions of Responding Defendants and other written statements of Responding Defendants made under oath or penalty of perjury in connection with the Relevant Cases (Responding Defendants Relevant Case Statements) are not necessarily matters of public record. Those statements could be relevant for discovery purposes to determine whether they knew of such conduct and whether they were deliberately indifferent to such conduct. The Court, in its discretion, will require the Responding Defendants to produce unprivileged Responding Defendants

Relevant Case Statements; provided however, that production of responsive documents is not required if such production would violate a protective order in such Relevant Cases. The Court does not have the authority to disturb a protective order entered in another case. Plaintiff would need to seek relief from such a protective order in the case in which it was entered.

Document Requests 13-16

Document Requests 13-16 asked for the following:

All documents in the personnel file of [each Responding Defendant], including all disciplinary record documents, and any documents concerning hiring, training, duties, performance, assignments, and mental and physical condition.

Motion, Exhibit 2, Response to Document Request 13-16.[1] Responding Defendants objected on grounds that: (1) the information was confidential and subject to the Departments of Commerce, Justice, and State Appropriations Act, Pub. L. No. 105-277, § 127 (1999); and (2) the request was overly broad and not proportional to the needs of this case. The Court recently addressed the issue of production of personnel records in Farris v. Kohlrus, Case No. 17-3279 d/e 117, Opinion entered January 29, 2019 (Farris Opinion), at 23-25. The Defendants here made the same objections

---

[1] Request 13 asked for the personnel file of Beck; Request 14 asked for the personnel file of Ryan Sexton; Request 15 asked for the personnel file of Todd Sexton; Request 16 asked for the personnel file of Margaret Burke.

as those made in the Farris case. For the reasons stated in the Farris case, the objections are sustained in part and the Responding Defendants are directed only to produce all records of disciplinary reports and dispositions for each Individual Responding Defendant from January 1, 2015 to December 31, 2018. Disciplinary reports may lead to relevant evidence. As the Court explained in Farris, "[S]uch reports may lead to relevant evidence on policies and procedures at Logan. Such reports may also lead to relevant evidence about [a Responding Defendant's] attitude toward treatment of inmates and inmate complaints." Farris Opinion, at 24-25.

These personnel records, however, are confidential. The parties are directed to submit an agreed protective order for entry in this case to protect such confidential information.

Document Request 17

Document Request 17 asked for the following:

17. From January 1, 2017 until the present date, all documents related to IDOC's compliance with the Prison Rape Elimination Act, including, but not limited to:

    a. All reports made to the state PREA coordinator, including PREA checklist and PREA After-Action checklists;

    b. All documents, including but not limited to reports, internal memoranda, meeting minutes, and date

> > generated by and/or reviewed by the State's PREA standing committee;
>
> c. All documents related to the training of IDOC staff on PREA, including but not limited to curricula, presentations, reading materials and PREA questionnaires that were completed by training recipients during this time period; and
>
> d. All correspondence between IDOC and the Bureau of Justice Statistical of the U.S. Department of Justice related to the statistical review and analysis described in the Prison Rape Elimination Act.

Motion, Exhibit 2, Response to Document Request 17. Responding Defendants objected that the request was overly broad and not proportional to the needs of this case. The Court agrees and sustains the objection. This case is about the personal liability of each Defendant for her or his actions or inactions at Logan. State-wide data is not very likely to lead to relevant information about these individuals' actions. The objection is sustained.

Document Request 18

Document Request 18 asked for the following:

> 18. All the written discovery responses that have been produced in Jacqueline Farris v. Eric Kohlrus, 17-cv-3279.

Motion, Exhibit B, Response to Document Request 18. Responding Defendants object because the request seeks irrelevant evidence and is overly broad and not proportional to the needs of this case. The Court

agrees. The plaintiff in Farris alleges claims against 28 individuals and the IDOC.[2] Farris alleges that all those 28 individuals were culpable under § 1983 for acting with deliberate indifference to cause one guard to rape Plaintiff Farris on December 20, 2015. See generally Farris v. Kohlrus, Complaint (Case No. 17-3279 d/e 1). Discovery relevant to prove the liability for the individual actions of those 28 individuals will contain significant amounts of information that is not relevant or likely to lead to relevant evidence about the culpability of the Defendants in this case. The Court finds that it is not proportional to the needs of this case to require Defendants to produce such large amounts of irrelevant information about individuals who are not parties to this case.

Document Request 19

Document Request 19 asked for the following:

19. All documents containing or memorializing communications of any kind made between January 1, 2015 and the present relating to any allegation of sexual misconduct occurring in the maintenance department at Logan. This requests (sic) seeks emails, memos letters, etc.

Motion, Exhibit B, Response to Document Request 19. Defendants objected that the request sought privileged documents and that it was

---

[2] The District Court recently dismissed Farris' claims against the 29th individual defendant. See Case No. 17-3279 Text Order entered August 5, 2019.

overly broad and not proportional to the needs of the case.  Defendants stated that they would be willing to request IDOC to conduct a search of documents if the terms of the search were narrowed appropriately.  Id.

The objection based on privilege is overruled.  The Defendants are only required to produce non-privileged responsive documents to any document request.  Fed. R. Civ. P. 26(b)(1).  The Defendants must provide a privilege log identifying the withheld material.  Fed. R. Civ. P. 26(b)(5).  The possibility that some of the documents are privileged is not a basis to refuse to produce the responsive unprivileged documents.

The Court sustains the remaining objection in part.  Plaintiff alleges a widespread pattern of sexual assaults in the maintenance department at Logan.  Documents discussing such matters may lead to relevant information concerning a Defendant's awareness of the alleged conduct.  The Court, however, agrees with Defendants that the request should be more narrowly tailored.  The Court in its discretion directs the Defendants to request IDOC to conduct a search of written communications by or between IDOC employees sent or received between January 1, 2015 and December 31, 2018, that mention sexual misconduct of Logan maintenance employees involving inmates.  The Court concludes that the timeframe is reasonable and not overly broad to find relevant information

about alleged sexual misconduct by Logan maintenance employees on inmates and each Responding Defendant's awareness of such conduct.

Document Request 23

Document Request 23 asked for the following:

23.　　All documents provided to Defendant ZIEMER from the IDOC in the underlying criminal case.

Motion, Exhibit B, Response to Document Request 23. Responding Defendants object that the request is overly broad and not proportional to the needs of the case. Defendants argue that much of the information produced in the criminal case is not relevant in this case. Defendants further argue that the Plaintiff should seek this information from the IDOC or Ziemer.

The Court agrees that Plaintiff should seek this information from IDOC or Ziemer rather than the Responding Defendants. The Court is concerned about Ziemer's right to a fair trial in the criminal proceeding. Ziemer should be given the opportunity to object to this request and raise any concerns about his constitutional rights in the criminal proceeding.

Ziemer has now answered the Complaint in this case. Defendant Milo Ziemer's Answer to Complaint (d/e 31). Plaintiff, therefore, can direct this request to Ziemer and he can respond and assert his objections to disclosure of this information. Plaintiff can also issue subpoenas to the

IDOC and Ziemer can move to quash or otherwise challenge the subpoenas. In light of the pending criminal proceedings, the Court determines that Plaintiff should pursue either of these options to secure this information.

Interrogatories 5 and 6

Interrogatories 5 and 6 asked for the following:

5. For your income for the period of 2010 through the present, state every source of income and the amount of income for each year.

6. List your current assets, including real property, items of personal property with a purchase price of over $500, bank accounts, stocks, bonds, mutual funds, shares or other interest in any commercial enterprise, legal claims, and all other assets, also including those in which you are not the sole owner. Include all legal claims and all lawsuits in which you have an interest as plaintiff, indicating for each the case number and title of case; the name of the defendant and his/her attorney; the incident which formed the basis for the complaint; the status of the suit; if resolved, the disposition; and please produce all judgment orders, transcripts of all depositions, testimony, and other sworn statements given by you for each case.

Motion, Exhibit B, Response to Interrogatories 5 and 6. Defendants object on the grounds that the information is irrelevant, and the request is overly burdensome. As the Court explained recently in Farris, personal financial information is relevant to claims for punitive damages, but disclosure imposes a serious burden on each Responding Defendant. See Farris Opinion, at 17-18. The Court therefore will require Responding Defendants

to answer the quoted Interrogatories 5 and 6 after the Court rules on motions for summary judgment or after the expiration of the dispositive motions deadline if no dispositive motion is filed on behalf of a Responding Defendant.  Within 21 days after the entry of an order by the District Court denying any Responding Defendant's dispositive motion on at least one claim for which punitive damages may be recovered or the expiration of the dispositive motion deadline if no dispositive motion is filed by any Responding Defendant, each such Responding Defendant must answer Interrogatories 5 and 6.  During this 21-day period, any such Responding Defendant may file a motion for protective order if he or she believes that the evidence presented at summary judgment indicates that punitive damages would not be appropriate.  In this way, only Responding Defendants who are actually going to trial and are at risk for liability for punitive damage will be required to answer the interrogatory and, potentially, produce this confidential information.  The answers to these Interrogatories will be confidential and will be protected by the agreed protective order that the parties are required to present to the Court, as set forth above.

    The Court has allowed the Motion in part.  The Court in its discretion may apportion fees and costs incurred in connection with the Motion.  Fed.

R. Civ. P. 37(a)(5)(C). The Court, in its discretion, declines to apportion such fees and expenses. Each party will bear its own fees and expenses incurred in connection with the Motion.

ENTER: August 21, 2019

                        *s/ Tom Schanzle-Haskins*
                        TOM SCHANZLE-HASKINS
                        UNITED STATES MAGISTRATE JUDGE