E-FILED
Thursday, 26 September, 2019  10:05:56 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JENNIFER TYREE, formerly known as JANE DOE, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:18-cv-3234 ) |
| MILO ZIEMER, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Objection to August 21, 2019 Order [33] filed by Defendants Keith Beck, Margaret Burke, Ryan Sexton, and Todd Sexton (hereinafter collectively referred to as Responding Defendants). Because Magistrate Judge Tom Schanzle-Haskins' order is neither contrary to law nor clearly erroneous, the Objection is DENIED.

### I. BACKGROUND

Plaintiff Jennifer Tyree filed a complaint alleging § 1983 and state law claims arising from alleged sexual assaults by Defendant Milo Ziemer, an employee in the Logan County Correctional Center

maintenance department, between March 1, 2017 and July 5, 2017. Plaintiff asserts claims for Eighth Amendment violations, failure to protect, First Amendment retaliation, and state law claims for assault, battery, and sexual abuse.

In June 2019, Plaintiff filed a Motion to Compel. As is relevant here, Plaintiff sought an order compelling Responding Defendants to respond to Document Request No. 19, which sought the following:

> All documents containing or memorializing communications of any kind made between January 1, 2015 and the present relating to any allegation of sexual misconduct occurring in the maintenance department at Logan. This requests (sic) seeks emails, memos, letters, etc.

Mot. to Compel, Ex. 2 (d/e 27-2). Responding Defendants had objected on the grounds that the request was overly broad, unduly burdensome, and disproportionate to the needs of the case.[1] Responding Defendants also asserted that the request was not sufficiently specific, but they were willing to request that the Illinois

---

[1] Defendants also objected to the extent the request sought information protected by the attorney-client or work product privilege. Magistrate Judge Schanzle-Haskins overruled the objection, noting that the possibility that some of the documents are privileged was not a basis to refuse to produce responsive unprivileged documents. Opinion 32 at 11.

Department of Corrections (IDOC) conduct a search if the request was narrowed and the Plaintiff identified with more specificity what was being sought. Id. In the Motion to Compel, Plaintiff argued that the request was "an electronically stored information request" that was narrowly tailored. Mot. to Compel at 4.

On August 21, 2019, Judge Schanzle-Haskins sustained Defendants' objection in part, agreeing with Defendants that the request should be more narrowly tailored. Judge Schanzle-Haskins directed "Defendants to request IDOC to conduct a search of written communications by or between IDOC employees sent or received between January 1, 2015 and December 31, 2018, that mention sexual misconduct of Logan maintenance employees involving inmates." Opinion 32 at 11. He concluded that "the timeframe is reasonable and not overly broad to find relevant information about alleged sexual misconduct by Logan maintenance employees on inmates and each Responding Defendant's awareness of such conduct." Id. at 11-12.

On September 4, 2019, Responding Defendants filed their Objection to the August 21, 2019 Order.

## II. LEGAL STANDARD

When a magistrate judge enters an order on a "pretrial matter not dispositive of a party's claim or defense," a party may file objections to the order within 14 days of being served with a copy of the order. Fed. R. Civ. P. 72(a). The Court must consider all timely objections and modify or set aside any part of the magistrate judge's order that "is clearly erroneous or is contrary to law." Id. "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." Weeks v. Samsung Heavy Indus. Co., 126 F.3d 926, 943 (7th Cir. 1997).

## III. ANALYSIS

Responding Defendants argue that the request as modified by Magistrate Judge Schanzle-Haskins is still overly broad and "may pose an undue burden" on IDOC. Obj. at 2 (d/ 33). Responding Defendants note that the Magistrate Judge found that the required production was necessary because documents pertaining to sexual assault in the maintenance department may lead to relevant information concerning a defendant's awareness of the alleged conduct. Responding Defendants argue, however, that a search

limited to Responding Defendants' written communications would serve that purpose and that only communications sent or received by Responding Defendants can speak to their awareness of sexual misconduct by Logan maintenance employees. An agency-wide search would instead produce irrelevant documents unrelated to Defendants' knowledge. Therefore, according to Responding Defendants, Magistrate Judge Schanzle-Haskins' order is clearly erroneous and contrary to law.

Magistrate Judge Schanzle-Haskins' order is neither clearly erroneous nor contrary to law. Written communications relevant to Responding Defendants' awareness of sexual misconduct are not limited to those written by or sent to Responding Defendants. Other written communications could reference Responding Defendants' presence or other circumstances relevant to show Defendants' awareness even if Defendants are not a party to the written communication. Therefore, the objection is denied.

## IV . CONCLUSION

For the reasons stated, the Objection to August 21, 2019 Order (d/e 33) is DENIED. The Court orders Defendants Keith Beck, Ryan Sexton, Todd Sexton, and Margaret Burke to produce

the requested documents called for in this Opinion by October 21, 2019.

**ENTERED: September 26, 2019**

**FOR THE COURT:**

          **s/***Sue E. Myerscough*
          **SUE E. MYERSCOUGH**
          **UNITED STATES DISTRICT JUDGE**